UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

USA Jet Airlines, Inc.,

    Plaintiff,                                     Case No.  12-11171

v.

                                              Sean F. Cox
                                              District Court Judge

Ruben E. Feliciano d/b/a
Good Quality Tours

    Defendant.
_____/

**ORDER
DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND DENYING DEFENDANT'S MOTION FOR A CHANGE OF
VENUE**

Defendant Ruben E. Feliciano is the sole owner of Good Quality Tours, Inc. ("Good Quality Tours"), which is a corporation doing business in Puerto Rico that arranges charter flights to and from Puerto Rico and the Dominican Republic, primarily for residents of Puerto Rico. Good Quality Tours is registered as a closely held corporation in Puerto Rico.

On February 9, 2011, Feliciano and Good Quality Tours entered into a contract ("the Charter Contract") with Plaintiff USA Jet Airlines, Inc. ("USA Jet") in order to charter USA Jet's aircraft in furtherance of its business. Provision 10.1 in the Charter Contract contains a choice of law clause immediately followed by a forum selection clause, stating, respectively, that Michigan law governs the Charter Contract and that the state and federal courts seated in Michigan shall have jurisdiction over any dispute between the parties. USA Jet alleges that it sent invoices to Feliciano, pursuant to

1

the Charter Contract, but Feliciano and Good Quality Tours failed to make timely payment. As a result, a balance of $309,056.36 remains outstanding.

On March 16, 2012, USA Jet filed a Complaint naming Feliciano, in his individual capacity, as a defendant. On the due date set by this Court for Feliciano to file a responsive pleading, Feliciano, instead, filed his Motion to Dismiss for Lack of Personal Jurisdiction, asserting that this Court lacks personal jurisdiction to adjudicate this action and that the Eastern District of Michigan was not a proper venue. Feliciano further requests that this Court transfer this action to the United States District Court for the District of Puerto Rico.

The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs. For the reasons that follow, this Court **DENIES** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. Furthermore, this Court holds that the Eastern District of Michigan is the proper venue and, accordingly, **DENIES** Feliciano's request to transfer venue.

## BACKGROUND

Plaintiff USA Jet is a Delaware corporation with its principal place of business in Belleville, Michigan. (Docket No. 1, at 1, ¶ 1; Docket No. 5, at 1.) Defendant Feliciano is a resident of Puerto Rico, who does business through Good Quality Tours, Inc., a corporation conducting business in Puerto Rico and the Dominican Republic. (Docket No. 1, at 2, ¶ 2.) Feliciano is the sole owner of Good Quality Tours. (Docket No. 17, at 3–4.) In his capacity as owner, Feliciano arranges charter trips between Puerto Rico and the Dominican Republic primarily for residents of Puerto Rico to vacation in Punta Cana, Dominican Republic. (*Id.* at 4.) Feliciano contends that Good Quality

Tours only conducts business in Puerto Rico and the Dominican Republic, and that its advertising, revenues, employees, offices, and properties are confined solely to Puerto Rico and the Dominican Republic. (*Id.*)

On February 9, 2011, the parties entered into the Charter Contract. (Docket No. 1, at 2, ¶ 9.) The Charter Contract was signed by Feliciano, doing business as Good Quality Tours, for Jet USA's performance of the charter services in favor of Good Quality Tours from May 24, 2011, to July 30, 2011. (Docket No. 1-2, at 1–2, 7.) USA Jet's aircraft that was subject to the agreement were chartered out of Michigan's Willow Run Airport. (Docket No. 18, at 10.)

On February 9, 2011, pursuant to the Charter Contract, Good Quality Tours was to pay USA Jet $2,500.00 per block hour for the flights listed in Appendix A of the Charter Contract with a minimum guarantee of 200 hours, meaning the Charter Contract contemplated a minimum schedule of payments totaling $500,000 over the course of the Charter Contract's term. (Docket No. 1-2, at 5–6.) Provision 10.1 of the Charter Contract states:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Michigan. The parties further agree that the State or Federal Courts seated in the State of Michigan will have Jurisdiction over any dispute between the parties.

(*Id.* at 7.) USA Jet allegedly sent invoices to Feliciano for services rendered, pursuant to the Charter Contract, and Feliciano failed to make timely payment. (Docket No. 1, at 2–3, ¶¶ 11–12.) As a result of Feliciano's non-payment of the invoices, USA Jet contends that Feliciano owes $309,056.36, exclusive of interest and collection costs. (*Id.* at 3, ¶ 13; Docket No. 1-3, at 1–2, ¶¶ 3–4.) In its Complaint, USA Jet brings claims of breach of contract and unjust enrichment against Feliciano in his personal capacity. (Docket No. 1, at 3–5, ¶¶ 13–28.)

On April 23 and 24, 2012, Feliciano filed three motions, each entitled "Pro Se Motion

Requesting Additional Time to Answer the Complaint or Otherwise Defend." (Docket Nos. 7–9.) These motions are identical in substance. (Docket No. 7–9.) Each motion demands "a (60) day extension of time . . . to engage an attorney admitted to this Court and to adequately prepare and serve a response or otherwise plead [because Feliciano is a resident of Puerto Rico.]" (*Id*.) The requests contend that the "requested extension expires on June 18, 2012." (*Id*.) This Court granted those motions on May 1, 2012, holding that Feliciano had until June 18, 2012, to file a responsive pleading. (Docket No. 10.) On June 21, 2012, Feliciano filed a "Pro Se Motion for Extension of Time In Which to Plead," contending that, "[a]lthough the appearing party has [tried] to contact an attorney to help in the answer of the complaint, it has been difficult until now." (Docket No. 11.) Feliciano requested an additional 10 days in which to plead. (*Id.*) After USA Jet filed its Request for Clerks's Entry of Default on July 5, 2012, this Court denied that request and, instead, granted Defendant's Motion for Extension of Time In Which to Plead, holding that Feliciano had from the time up to and including July 23, 2012, in which to file a responsive pleading. (Docket Nos. 12, 15–16.) On July 23, 2012, Feliciano filed his "Pro Se Motion Requesting the Dismissal of the Complaint for Lack of Personal Jurisdiction," contending that this Court lacks personal jurisdiction and requesting a transfer of venue to the District of Puerto Rico. (Docket No. 17.) Feliciano has not yet filed on answer to USA Jet's Complaint.

## ANALYSIS

**I.   This Court Has Personal Jurisdiction Over USA Jet's Claims**

In the "Pro Se Motion Requesting the Dismissal of the Complaint for Lack of Personal Jurisdiction," Feliciano contends that this Court lacks personal jurisdiction because he resides in Puerto Rico; owns no real or personal property in Michigan; has no agents or representatives in

4

Michigan who are authorized to accept service of process; and has no social, business or legal contacts with Michigan.  (Docket No. 17.)  At most, Feliciano contends that "[t]he sole contact purportedly supporting personal jurisdiction . . . is a clause in the [Charter Contract] which states that 'this matter shall be governed and construed in accordance with the laws of the State of Michigan.'"  (*Id.* at 2.)   Feliciano asserts that such random contacts do not suffice to establish personal jurisdiction.  (*Id.* at 4–7.)  USA Jet contends that the Charter Contract states that federal and state courts in Michigan have jurisdiction over any dispute between the parties.  (Docket No. 18, at 8–10.)  Feliciano denies that the choice of forum provision exists, asserting "the contract <u>does not</u> state that any dispute will be litigated in the State of Michigan or that Feliciano submits to the jurisdiction of this honorable Court."  (Docket No. 17, at 2.)

When bringing an action in federal court, the plaintiff bears the burden of establishing that jurisdiction exists.  *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S. Ct. 780 (1936)).  The district court has discretion to "decide the motion upon the affidavits alone; . . . permit discovery in aid of deciding the motion; or . . . conduct an evidentiary hearing to resolve any apparent factual questions."  *Id.*  When the Court does not conduct an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction.  *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006).  "[W]e do not weigh the facts disputed by the parties but instead consider the pleadings in the light most favorable to the plaintiff, although we may consider the defendant's undisputed factual assertions."  *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012).

Feliciano contends, pursuant to *International Shoe Co. v. Washington* and its progeny, that neither the Michigan long arm statute, codified as M.C.L. § 600.705, nor any federal statute confers

personal jurisdiction in this action because the only contact Feliciano made with Michigan is, at most, the choice of law provision. 326 U.S. 310, 66 S. Ct. 154 (1945). Feliciano fails to mention in his opening brief that Provision 10.1 in the Charter Contract read as a whole states as follows:

> This agreement shall be governed by and construed in accordance with the laws of the State of Michigan. The parties further agree that the State and Federal Courts seated in the State of Michigan will have Jurisdiction over any dispute between the parties.

(Docket No. 1, at 7.) Thus, because the plain language of the Charter Contract contains a forum selection clause, this Court must assume that the provision is *prima facie* valid and should enforce it unless enforcement is shown by the resisting party to be unreasonable or unjust under the circumstances or unless the clause is invalid as a result of fraud or overreaching. *See M/S Bremen* v. Zapata Off-Shore Co., 407 U.S. 1, 10, 15, 92 S. Ct. 1907, 1913, 1916 (1972); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 105 S. Ct. 2174, 2182 (1985) ("Where such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process.") (internal cites omitted).

USA Jet contends that the forum selection clause was a vital part of the Charter Contract. (Docket No. 18, at 7–8.) Feliciano does not dispute USA Jet's assertion because he never addressed the forum selection clause in his opening brief and he never took the opportunity to counter USA Jet's assertion in a reply brief. Because Feliciano never addressed the forum selection clause in his opening brief or in a reply brief, Feliciano has waived any arguments with regard to the forum selection clause. *Piddy v. Edelman*, 883 F.2d 438, 446 (6th Cir. 1989). Thus, this Court must assume that the forum selection clause was freely negotiated and an essential reason why the parties entered into the Charter Contract in the absence of evidence to the contrary because, as the Supreme Court recognized in *M/S Bremen*, "it would be unrealistic [under the circumstance] to think that the

parties did not conduct their negotiations, including fixing the monetary terms, with the consequences of the forum clause figuring prominently in their calculations." 407 U.S. at 14, 92 S. Ct. at 1915.

For the forum selection clause to be considered unreasonable or unjust under the circumstances, the forum must present a serious inconvenience so as to effectively deprive Feliciano of his day in court. *Id.* at 17–18, 92 S. Ct. at 1917. As the Supreme Court recognized in *M/S Bremen*, "[t]here are compelling reasons why a freely negotiated private international agreement unaffected by fraud, undue influence, or overweening bargaining power, such as that involved here, should be given full effect." *Id.* at 12–13, 92 S. Ct. at 1914–15. Feliciano provides scant evidence suggesting that Michigan is a remote alien forum, so as to effectively deprive him of his day in court. *Id.* at 17–18, 92 S. Ct. at 1917. He primarily relies on his alleged lack of contacts with Michigan and his assertions that the convenience of the parties and witnesses, as well as his concerns over judicial efficiency and disparity of the means between the parties, warrant a transfer of the action to the District of Puerto Rico. (Docket No. 17.)

The evidence offered by USA Jet suggests that it will be as inconvenienced as Feliciano if this action were adjudicated in Puerto Rico as opposed to Michigan. Neither party disputes the validity of the choice of law provision. Thus, if this action were adjudicated in Puerto Rico, the District of Puerto Rico would be interpreting Michigan law. Michigan courts are better suited to address Michigan law. *Detroit Coke Corp. v. NKK Chem. USA, Inc.*, 794 F. Supp. 214, 219 (E.D. Mich. 1992) (recognizing in the context of a motion to transfer venue based on a forum selection clause that "[i]t is axiomatic that the construction of state law is best given to a court most familiar with it.") (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, Inc., 883 F.2d 1286, 1293 (7th Cir.1989).

In support of its claims, USA Jet asserts that it intends to rely on the plain language of the Charter Contract, as well as Feliciano's alleged non-payment of the invoices, and that it does not intend to call any witnesses from Puerto Rico besides Feliciano. (Docket No. 18, at 12.) Likewise, Feliciano never specifically asserted that he intends to call any witnesses from Puerto Rico in his opening brief. (Docket No. 17.) Thus, the only person that seems to be inconvenienced is Feliciano.

With regard to Feliciano's assertion that the disparity of the means warrants a transfer, that statement is absurd. Feliciano entered into a charter service contract that guarantees, at a minimum, $500,000 worth of charter services in favor of USA Jet. (Docket No. 18-3.)

As USA Jet points out in "Plaintiff's Response to Defendant's Pro Se Motion to Dismiss for Lack of Personal Jurisdiction," Feliciano underestimates his contacts with Michigan. (Docket No. 18.) Feliciano contends that he has never engaged in business in Michigan, yet Feliciano freely bargained for and eventually entered into a contract with a corporation whose assets are confined primarily in Michigan. (Docket No. 18-3.) Feliciano sent payments to USA Jet, whose principal place of business is in Belleville, Michigan. (Docket No. 18, at 10.) Furthermore, USA Jet's aircraft was charted out of Michigan's Willow Run Airport. (*Id.*) Thus, Feliciano's assertion that he has no contacts with Michigan is incorrect.

Neither party suggests that the clause was the product of fraud or overreaching. Thus, this Court has personal jurisdiction over USA Jet's claims.

## II.     The Eastern District of Michigan Is the Proper Venue

Feliciano contends that the Eastern District of Michigan is not the proper venue to adjudicate USA Jet's claims for essentially the same reasons that he believes that this Court lacks personal jurisdiction over those claims. (Docket No. 17, at 4–7.) In the alternative, he also asserts that "if

8

this Court finds that personal jurisdiction and venue are proper, the convenience of the parties and witnesses, the disparity of means between the parties, and concerns of efficiency warrant a transfer of the action to the District of Puerto Rico." (*Id.* at 3.)

Feliciano does not provide further argument with regard to this assertion nor does he provide the citation to the specific statutory provision that he is relying on when he asks this Court to transfer venue to the District of Puerto Rico. USA Jet posits that Feliciano is making a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Feliciano did not object in any reply brief. For the purposes of this Opinion, this Court will assume that Feliciano is asking this Court to transfer venue pursuant to § 1404(a).

With regard to a motion to transfer venue, 28 U.S.C. § 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Traditionally, a district court has broad discretion to grant a motion to transfer venue. *Phelps v. McClellann*, 30 F.3d 658, 663 (6th Cir. 1994). In exercising such discretion, the district court should assess: "(1) whether the action could have been brought in the proposed transferee district, (2) whether a transfer would promote the interests of justice, and (3) whether a transfer would serve the parties' and witnesses' convenience." *IFL Grp., Inc. v. World Wide Flight Servs.*, Inc., 306 F. Supp. 2d 709, 712 (E.D. Mich. 2004). Because the parties do not dispute that this action could be brought in the District of Puerto Rico, factors (2) and (3) are the only factors in dispute. When considering factors (2) and (3), this Court should consider the: (1) convenience of the parties and witnesses, (2) accessibility of sources of proof, (3) the costs of securing testimony from witnesses, (4) practical problems associated with trying the case in the least expensive and most expeditious fashion, (5) the

9

interests of justices, (6) the relative congestion in the courts of the two forums, (7) the public's interest in having local controversies adjudicated locally, (8) the relative familiarity of the two courts with the applicable law, (9) the plaintiff's original choice of forum, and (10) *whether the parties have agreed to a forum selection clause*. *Silberg v. Zotec Solutions, Inc.*, No. 05-CV-73822, 2006 WL 1007635, at *2 (E.D. Mich. April 17, 2006) (emphasis added) (internal citations and quotes omitted).

Feliciano offers no evidence besides broad statements asserting lack of judicial efficiency and that the parties and the witnesses will be inconvenienced to support his motion to transfer venue. The convenience of the parties and the cost of securing testimony from witnesses seems balanced in this case because this case involves the interpretation and alleged breach of a contract for the chartering of aircraft. Neither party disputes that this action relies more on an interpretation of the Charter Contract and other related documents and invoices as opposed to witness testimony. USA Jet asserts that it does not intend to call any witnesses from Puerto Rico besides Feliciano.

The accessibility of the source of proof are also evenly distributed in Michigan and Puerto Rico. USA Jet, which is a Delaware Corporation with its principal place of business in Michigan, likely has the Charter Contract and the documents allegedly establishing non-payment of the invoices in its possession. Also, neither party disputes that there seems to be no practical problems or expected delays in one venue versus the other or that the relative congestion in the courts are a significant factor.

Next, the interest of justice favors adhering to the forum selection clause because USA Jet contends that it only signed the Charter Contract because Feliciano agreed to that provision in advance. Likewise, the public interest does not seem to be implicated because no compelling state

interest favors one forum over the other. As mentioned before, Michigan law governs the Charter Contract. Because Michigan courts are better suited to address Michigan law, this factor weighs in favor of the Michigan venue. Finally, as mentioned before, Feliciano's assertion about the disparity of the means is irrelevant and unconvincing.

Thus, the forum selection provision clearly applies. This Court, therefore, **DENIES** Feliciano's motion to transfer venue. Including the Addendum, the Charter Contract is only 8 pages long. The forum selection provision is contained within Provision 10.1, and immediately follows the choice of law provision. These provisions are contained within the same paragraph in the Charter Contract. Thus, it is absurd that Feliciano states that the choice of law provision is in the Charter Contract, yet denies that there is a forum selection provision.

## CONCLUSION AND ORDER

**IT IS ORDERED** that the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED**. Furthermore, this Court holds that the Eastern District of Michigan is the proper venue and, accordingly, **DENIES** Feliciano's motion to transfer venue.

**IT IS SO ORDERED**.

Dated: November 7, 2012        S/ Sean F. Cox
                               Sean F. Cox
                               U. S. District Court Judge

I hereby certify that on November 7, 2012, the foregoing document was served upon counsel of record by electronic means and upon Ruben Feliciano by First Class Mail at the address below:

Ruben E Feliciano
9140 Edlliclo Ponciana
Calle Marina Suite 501
Ponce, PR 00717

Dated: November 7, 2012        S/ J. McCoy
                               Case Manager